Brenda K. BRUMMETT, Plaintiff,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Ronald E. IMHOFF, Plaintiff,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Shirley C. JONES,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Karen MONTGOMERY, Plaintiff,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Antoinette MUNDAY, Plaintiff,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Lois A. RIDDELL, Plaintiff,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Wavil E. SMILEY,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Mario A. WEATHERS, Sr.,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Reva D. WARREN,

v.

COPAZ PACKING CORPORATION, et al., Defendants.

Joann UNGERBUHLER,

v.

**COPAZ PACKING CORPORATION,
et al., Defendants.**

Nos. C–1–96–709 to C–1–96–718.

United States District Court,
S.D. Ohio,
Western Division.

Dec. 30, 1996.

Mayer Morganroth, Jeffrey B. Morganroth, Southfield, MI, Charles Gilbert Heyd, Cincinnati, OH, for plaintiff.

Mark Joseph Stepaniak, Lawrence James Barty, David R. Cherrington, Cincinnati, OH, for defendants.

*MEMORANDUM and ORDER*

BECKWITH, District Judge.

Plaintiffs, former employees of Copaz Packing Corporation ("Copaz"), initiated these actions by filing ten separate complaints on July 22, 1996. Each of the Plaintiffs asserts claims under the federal anti-discrimination laws: the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*; and Title VII, 42 U.S.C. § 2000e, *et seq.*

On August 6, 1996, this Court issued an Order directing the parties to show cause why these actions should not be consolidated. No party has expressed opposition to consolidation for any pre-trial proceeding; although, Defendants have expressed opposition to consolidation for trial. Accordingly, the above-captioned actions are hereby **CONSOLIDATED** for all pre-trial proceedings.

These actions are presently before the Court upon motions by the Defendants to dismiss these actions pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure (Case No. C–1–96–709, Doc. 13; Case No. C–1–96–710, Doc. 13; Case No. C–1–96–711, Doc. 13; Case No. C–1–96–712, Doc. 14; Case No. C–1–96–713, Doc. 12; Case No. C–1–96–714, Doc. 12; Case No. C–1–96–715, Doc. 13; Case No. C–1–96–716, Doc. 14; Case No. C–1–96–717, Doc. 12; Case No. C–1–96–718, Doc. 12). Pursuant to Rule 12(b)(1), Defendants contend that this Court lacks jurisdiction over the subject mat-

ter of these actions, inasmuch as each of the Plaintiffs is a member of a bargaining unit represented by United Food & Commercial Workers Local 7A (the "Union"). The collective bargaining agreement between Copaz and the Union contains a grievance procedure, which culminates in binding arbitration before a neutral arbitrator. Because Plaintiffs have not pursued arbitration in accordance with the collective bargaining agreement, Defendants argue that this Court may not properly exercise jurisdiction over the subject matter of these actions. Because the Court agrees, the Court will not reach the merits of Defendants' motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### A. The Rule 12(b) Standard

A motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure operates to test the sufficiency of the complaint. In these cases, Defendants have based their motions upon the pleadings, as well as upon the collective bargaining agreement, a copy of which is attached to the motions. Because the Court bases its decision upon the language of that agreement, the Court will address the motion as a motion for summary judgment, pursuant to Rule 12(b).

The purpose of a summary judgment motion is not to resolve factual issues, but to determine if there are genuine issues of fact to be resolved. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir.1978). Summary judgment is appropriate when the Court concludes, construing the evidence in the light most favorable to the non-moving party, that no genuine issue of fact exists and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

### B. The Grievance Provision

The collective bargaining agreement between Copaz and the Union contains the following provision:

> The Company and the Union agree that they will not discriminate because of race, color, religion, disability, sex, national origin, age, or status as a disabled or Vietnam era veteran in accordance with the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1971, both as amended, and the Vietnam Veterans Read-

justment Assistance Act. The Company and the Union agree to comply with the Americans with Disabilities Act and the Family and Medical Leave Act, and it is their intent that the provisions of this Agreement be construed consistent with their obligations under those statutes.

Collective bargaining agreement, Article 14.

That agreement also contains the following provision as part of the progressive grievance procedure outlined in Article 16:

> D. **Step IV**—In the event of failure to adjust the grievance by means of the foregoing steps, and either party desires to arbitrate, upon written notice to the other party within seven (7) calendar days from the Step III discussion, the grievance shall be referred to an arbitrator. The arbitrator shall be obtained from a panel of arbitrators requested from the Federal Mediation and Conciliation Service within thirty (30) calendar days of such notification. The Employer and the Union shall each pay one-half (½) of the expenses of the arbitrator. The opinion of the arbitrator shall be binding on both parties. The arbitrator may interpret the terms of this Agreement but shall not amend, modify, delete or alter any provisions of this Agreement.

### C. Analysis

■ Each Plaintiff's claims are based upon the federal anti-discrimination laws cited in Article 14 of the collective bargaining agreement. Those claims are clearly subject to arbitration pursuant to the grievance procedure outlined in Article 16 of that agreement. Plaintiffs argue, however, that the agreement does not make arbitration mandatory in light of the presence of the word "desires" in Article 16.

The Court is unpersuaded by that argument. The reading of the grievance procedure urged by Plaintiffs would render the arbitration provision "meaningless for all practical purposes." *Austin v. Owens-Brockway Glass Container, Inc.,* 78 F.3d 875, 879 (4th Cir.), *cert. denied,* —— U.S. ——,

117 S.Ct. 432, 136 L.Ed.2d 330 (1996). "If the parties to such an agreement intended for arbitration to be permissive, there would be no reason to include [Step IV], the arbitration provision in the contract, for the parties to an existing dispute could always voluntarily submit it to arbitration." *Id.* *See also American Italian Pasta Co. v. Austin Co.,* 914 F.2d 1103, 1104 (8th Cir.1990); *Bonnot v. Congress of Independent Unions, Local No. 14,* 331 F.2d 355, 359 (8th Cir.1964) (following *Deaton Truck Line, Inc. v. Local Union 612,* 314 F.2d 418, 422 (5th Cir.1962)); *Batts v. Louisville & Nashville R.R. Co.,* 316 F.2d 22, 26 (6th Cir.1963) (language in collective bargaining agreement to effect that a disagreement "may be appealed to arbitration" is mandatory, not permissive). Like the *Austin* court, this Court concludes that the use of the word "desires" in the pertinent provision of the collective bargaining agreement denotes a choice between arbitration and abandonment of the claim. *Austin,* 78 F.3d at 879. Accordingly, the Court rejects Plaintiffs' contention that arbitration of their claims is not mandatory under the collective bargaining agreement.

■ Plaintiffs also argue that enforcement of the arbitration provision amounts to a forced waiver of Plaintiffs' statutory rights. That argument has been rejected by the United States Supreme Court. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S.Ct. 1647, 1652, 114 L.Ed.2d 26 (1991). "[B]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Id.* The Supreme Court in *Gilmer* expressly rejected that Court's earlier conclusion that arbitration is an "inappropriate forum" for the resolution of federal anti-discrimination statutory rights. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 56, 94 S.Ct. 1011, 1023, 39 L.Ed.2d 147 (1974). Accordingly, the Court rejects Plaintiffs' contention that to enforce the arbitration provision of the collective bargaining agreement is to impermissibly force a waiver of statutory rights.

Plaintiffs contend that a dispositive distinction exists between the contractual arbitration provision at issue in *Gilmer* and the arbitration provision in the collective bargaining agreement between Copaz and the Union. Specifically, they observe that the arbitration provision at issue is contained in a collective agreement and is not 'part of an individual employment contract.

The distinction identified by Plaintiffs is not dispositive. The United States Supreme Court has long held that bargaining unit employees are contractually bound by a collective bargaining agreement and must follow the grievance procedure established by that agreement. *See Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). The United States Court of Appeals for the Fourth Circuit has rejected the very argument Plaintiffs advance in this matter. *Austin,* 78 F.3d at 885 ("So long as the agreement is voluntary, it is valid, and we are of the opinion it should be enforced."). This Court agrees with that appellate court's analysis and rejects Plaintiffs' contention that the fact that the grievance provision at issue is contained in a collective bargaining agreement renders the provision unenforceable.

■ Finally, some of the Plaintiffs contend that the anti-discrimination provision in Article 14 of the collective bargaining agreement between Copaz and the Union is inapplicable to harassment claims under the federal anti-discrimination statutes. In the context of a similar contractual provision, the United States Court of Appeals for the Sixth Circuit has concluded that harassment claims are subject to mandatory arbitration. *See Willis v. Dean Witter Reynolds, Inc.,* 948 F.2d 305, 308 (6th Cir.1991). Moreover, this Court observes that discrimination claims are expressly included in the language of the collective bargaining agreement, and harassment claims are discrimination claims under the federal anti-discrimination statutes. Indeed, the federal anti-discrimination statutes provide virtually the only federal causes of action for harassment. Plaintiffs must concede that *their* harassment claims are asserted pursuant to the very statutes mentioned by name in the collective bargaining agreement. The Court concludes that Plaintiffs' harassment claims are subject to mandatory arbitration equally with all of Plaintiffs' other claims. The Court also concludes, therefore,

that it lacks jurisdiction over the subject matter of all of Plaintiffs' claims.

This disposition of these matters is consistent with the policy of the federal courts favoring arbitration as a means of dispute resolution. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960). Inasmuch as Plaintiffs have failed to demonstrate that a genuine issue of fact exists as to the enforceability of the arbitration provision of the pertinent collective bargaining agreement, the Court concludes that Defendants are entitled to judgment on the ground that this Court lacks jurisdiction over the subject matter of the Plaintiffs' claims.

### D. *Conclusion*

For the foregoing reasons, Defendants' motions to dismiss these actions (Case No. C–1–96–709, Doc. 13; Case No. C–1–96–710, Doc. 13; Case No. C–1–96–711, Doc. 13; Case No. C–1–96–712, Doc. 14; Case No. C–1–96–713, Doc. 12; Case No. C–1–96–714, Doc. 12; Case No. C–1–96–715, Doc. 13; Case No. C–1–96–716, Doc. 14; Case No. C–1–96–717, Doc. 12; Case No. C–1–96–718, Doc. 12) are hereby **GRANTED.** These actions are hereby **DISMISSED** in their entirety.

**IT IS SO ORDERED.**